UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                              :    Case No. 26-22265 (SHL)
In re                                         :
                                              :
42 KINNEY STREET CORP.,                       :    (Chapter 11)
                                              :
                                  Debtor.     :
                                              :
---------------------------------------------------------- x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE IN SUPPORT
OF MOTION TO DISMISS THIS CHAPTER 11 CASE**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States

Trustee"), does hereby make this motion (the "Motion") pursuant to 11 U.S.C. § 1112(b) for

an order dismissing this Chapter 11 case. In support thereof, the United States Trustee

represents and alleges as follows:

**Introduction**

42 Kinney Street Corp. (the "Debtor"), a corporation, has not retained counsel. A

corporation may only appear in federal courts through counsel. In addition, as of the date

hereof, the Debtor has not provided proof of insurance to the United States Trustee.

Accordingly, cause exists for the Court to dismiss this case.

**Facts**

1

General Background

1.      The Debtor commenced this case by filing a voluntary petition (the "Petition") on March 16, 2026.   ECF No. 1.

2.      The Debtor has continued in possession of its assets.

3.      According to the Debtor's bankruptcy schedules, the Debtor's sole asset is real property located at 42 Kinney Street, Piermont NY (the "Property"). Bankruptcy Schedule A/B at ECF No. 1. The Property is listed with a value of $350,000.   Id.

4.      The Debtor's bankruptcy schedules list only one creditor with a secured claim in the amount of $816,196.76. Bankruptcy Schedule D at ECF No. 1.

5.      The Debtor, a corporation, filed this case without an attorney and has not moved to retain an attorney. *See* Declaration (the "Declarations") of Paul Schwartzberg attached hereto at ¶ 5.

6.      In addition, the Debtor has not provided proof to the United States Trustee that it maintains adequate insurance for the Property. *See* Declaration at ¶ 6.

## Argument

### Cause Exists to Convert or Dismiss this Case

Section 1112(b) of the Bankruptcy Code describes a variety of factors which may constitute "cause" for the conversion of a Chapter 11 case to a Chapter 7 case or dismissal of a case.   See 11 U.S.C. § 1112(b). Under this provision, the court may find cause in the following circumstances, among others:

(C)     failure to maintain appropriate insurance that poses a risk to the estate or to the public;

. . . .

See 11 U.S.C. § 1112(b)(4)(C).

The circumstances listed in section 1112(b), however, are not exhaustive, and courts are free to consider other factors. *In re Loco Realty Corp.*, No. 09-11785 (AJG), 2009 WL 2883050, at *2 (Bankr. S.D.N.Y. June 25, 2009) (stating "Congress used the word 'includes' purposefully and…the grounds listed in the statute are non-exclusive." (quoting *In re Ameribuild Const. Mgmt., Inc.*, 399 B.R. 120, 131 n.3 (Bankr. S.D.N.Y. 2009))); *In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) (noting "the Court may dismiss a Chapter 11 case for reasons other than those specified in section 1112(b) as long as those reasons satisfy 'cause.'"); *see also* Alan Resnick, Henry J. Sommer, and Lawrence P. King, Collier on Bankruptcy ¶ 1112.01[2][a] (15th ed. 2006) (explaining section 1112(b) "simply enumerates examples of cause, . . . and a court may convert or dismiss a chapter 11 case for reasons other than those specified in section 1112(b) so long as the reasons are sufficient to demonstrate cause.").

Section 1112(b) requires a court to dismiss a case if the movant establishes "cause." 11 U.S.C. § 1112(b)(1).   As set forth above, the United States Trustee has demonstrated cause under § 1112(b)(4).

The Debtor's Failure to Retain Counsel Constitutes Cause for Dismissal

The Debtor, a corporation, has not moved to retain counsel. *See* Declaration. A corporation, or other artificial entity, may appear in the federal courts only through licensed counsel. *Rowland v. California Men's Colony,* 113 S. Ct. 716, 721 (1993); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (a corporation involved in a legal proceeding must be represented by

3

counsel); Fed. R. Bankr. P. 9010 (Advisory Committee Note states that the rule does not purport to change prior holdings prohibiting a corporation from appearing *pro se,* citing *In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir. 1978)).

The failure of a Chapter 11 corporation to obtain counsel is cause for dismissal pursuant to section 1112(b) of the Bankruptcy Code. *In re Child Life, Inc.*, 126 B.R. 51, 52 (Bankr. N.D. Oh. 1991) (Chapter 11 case of corporate entity that had failed to obtain counsel to represent it would be dismissed); *see also In re State Street Assoc.*, 348 B.R. 627, 639 n. 24 (Bankr. N.D.N.Y. 2006) (while the list of examples of cause has changed, "the fact that they are illustrative, not exhaustive has not"), citing *In re 3 RAM, Inc.,* 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006).

The Debtor Has Failed to Provide Proof of Insurance

The Debtor has not provided the United States Trustee with proof that it maintains appropriate insurance.   *See* Declaration. The failure to maintain appropriate insurance constitutes cause for the dismissal of this case. 11 U.S.C. § 1112(b)(4)(C); *In re 167 W. 133rd St. Hous. Dev. Fund Corp.*, No. 18-12043 (JLG), 2018 Bankr. LEXIS 2909, at *12 n.10 (Bankr. S.D.N.Y. Sep. 25, 2018) (finding cause to dismiss the bankruptcy case based partly on lack of insurance); *see also Derivium Capital LLC v. United States Tr. (In re Derivium Capital, LLC)*, No. 5 Civ. 10845, 2006 WL 1317021, at *11 (S.D.N.Y. May 12, 2006) (affirming the bankruptcy court's decision to convert a chapter 11 case partially because the debtor lacked proper insurance coverage); *In re Van Eck*, 425 B.R. 54, 59 (Bankr. D. Conn. 2010) (finding proof of insurance inadequate when the Debtor nor his bankruptcy estate were the insured person); *In re GEL,* LLC, 495 B.R. 240, 245 (Bankr. E.D.N.Y. 2012) (providing that cause existed where, among other things, the debtor failed to

4

appropriately insure his real property).

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order

dismissing this Chapter 11 case and granting such other and further relief as may be deemed just and

proper.

Dated: New York, New York
March 18, 2026

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: /s/ *Paul K. Schwartzberg*
Paul K. Schwartzberg
Trial Attorney
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
Telephone: (212) 510-0500

5